**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| CONNEAL BUCKHANNA | ) | |
| | ) | |
| Petitioner, | ) | **Case No. 5:11-CV-00163 JLH-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
| Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Petitioner Conneal Buckhanna on June 28, 2011 (Doc. No. 2). A response was filed by Respondent Ray Hobbs on July 26, 2011 (Doc. No. 8).  Petitioner filed a reply on August 11, 2011 (Doc. No. 12).  After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

**Background**

On September 12, 2006, Petitioner was convicted of possession of a controlled substance and possession of drug paraphernalia in the Pulaski County (Arkansas) Circuit Court.  He was sentenced as a habitual offender to 30 years' confinement in the Arkansas Department of Correction.  Petitioner subsequently filed a direct appeal with the Arkansas Court of Appeals, arguing that the trial court erred when it allowed testimonial evidence regarding the street value

of the cocaine that was found in his possession.  His appeal was denied on August 29, 2007.  *Buckhanna v. State*, CACR06-1488, 2007 WL 2429936 (Ark. App. Aug. 29, 2007).  It does not appear that Petitioner filed a petition for rehearing or sought review from the Arkansas Supreme Court.

On November 14, 2008, Petitioner filed a petition for writ of error coram nobis or to vacate the judgment against him pursuant to Arkansas Rule of Civil Procedure 60.  His petition was based on an argument that the prosecutor withheld material exculpatory evidence by reducing one of the charges on the day of trial.  The petition was denied, and his subsequent appeal to the Arkansas Supreme Court was also denied. *Buckhanna v. State*, CACR06-1488, 2009 WL 152473 (Ark. Jan. 22, 2009).  Petitioner subsequently filed a motion to file a belated brief with the Arkansas Supreme Court, but this motion was denied as moot because the untimeliness with which he presented the underlying claims meant that the reviewing court would lack jurisdiction.  *Buckhanna v. State*, CR09-206, 2009 WL 3235537 (Ark. Oct. 8, 2009).

It appears that Petitioner was released on or before May 16, 2012 (Doc. No. 14), but that does not render this action moot because the petition was filed while he was still incarcerated and his conviction undoubtedly has collateral consequences.  *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968).  All available state remedies have been exhausted.

### Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that 1) the trial court erred by denying his motion for a new trial without conducting an evidentiary hearing, 2) he received ineffective assistance of counsel, 3) his rights under the Double Jeopardy Clause of the Fifth Amendment were violated, and 4) the Arkansas Supreme Court's ruling regarding jurisdiction and mootness contradicted the Supreme Court's ruling in *Ex parte Endo*,

323 U.S. 283 (1944).  The merits of these arguments will not be addressed because they are both time barred and procedurally barred.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner's appeal was denied by the Arkansas Court of Appeals on August 29, 2007, and the limitations period began to run eighteen[1] days later on September 17, 2007. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); Ark. Sup. Ct. R. 2-4(a) ("A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision, regardless of whether a petition for rehearing is filed with the Court of Appeals.").  Thus, Petitioner was required to file his petition by August 29, 2008, but he did not file it until June 28, 2011.  Petitioner's November 14, 2008 petition for writ of error coram nobis could not toll the limitations period because it was filed after the limitations period had expired.

Petitioner's reply makes several arguments regarding the wrongful denial of his motion for a new trial, but it does not appear that these arguments are related to the limitations period.  There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will

---

[1] Eighteen days would have actually been September 16, 2007, but that was a Sunday.  The Court would also note that the date of the appellate court's mandate is no longer relevant for federal habeas limitations purposes. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (noting *Gonzalez*'s abrogation of *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008), which held that the relevant starting date for limitations purposes was the date that the mandate was issued).

be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim).  Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.").  Accordingly, the Court finds that the Petitioner's petition is time barred.

Petitioner's claims are also procedurally barred because he failed to present any of these arguments to the state courts on appeal or collateral review.  A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.  "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).  Thus, Petitioner's failure to properly exhaust his remedies procedurally bars any federal consideration of his claims.

The Court would also note that Petitioner's fourth argument, which contends that the Arkansas Supreme Court acquired jurisdiction to rule on the merits of all his claims once the record was lodged, is "a matter of state law and does not raise a substantial federal constitutional question." *Martin v. Solem*, 801 F.2d 324, 330 (8th Cir. 1986). Federal courts are only permitted to entertain applications for habeas corpus from persons in state custody based on grounds that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the Court could not have reached this claim even if it were not barred by the statute of limitations and his procedural default.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 24th day of May, 2012.

_____
United States Magistrate Judge